## G. P. Springfield, Appellee, v. City of Granite City, Appellant.

EVIDENCE—*competency of admissions against interest.* Evidence which is material and relevant and tends to contradict a party as to the extent of injuries claimed to have been received, is competent, and its exclusion is ground for reversal.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon W. E. HADLEY, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed August 5, 1910.

M. R. SULLIVAN, for appellant.

J. M. BANDY, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

The declaration consisted of one count charging that appellant wrongfully permitted B street in its city to be unsafe for travel; that it permitted a large rock to be and remain in said street and that appellee while running after some boys in the exercise of due care ran over the rock, fell and was injured.

Upon a plea being filed traversing the declaration the cause was submitted to a jury and resulted in a verdict and judgment for appellee for the sum of $1,000.

The alleged errors relied upon for a reversal of the judgment are, that the court erred in overruling a motion for a new trial; in giving and refusing instructions and in excluding proper evidence offered on behalf of appellant.

Taking the instructions as a series we think they fairly present the law. We are of opinion, however, the court erred in excluding proper and competent evidence offered by appellant.

The circumstances made the question of the reasonable care used by appellee, as well as the extent of his injuries resulting from the alleged fall and in what manner he re-

ceived them and the credit to be given his testimony, very material.

The appellee testified in chief that he was at the time employed on the police force of appellant and in the line of his duty was running to overtake several boys whom he had caught in the act of meddling with a street light, when he fell over a stone that had been left in the street several months, and as a result of the fall he had a serious rupture which had incapacitated him and from which he had not recovered; that the stone was a foot and a half thick, a foot wide and two feet long; that it was on a street within his beat, where he had frequently seen it and knew its location, that the accident occurred about nine P. M. with a street light 125 feet away, and that he received his injury the same evening of the day he had returned from Kentucky where he had been on a visit.

On cross examination he was asked if within a day or two after he returned from Kentucky he had not stated to Robert Martin, one of the fire chiefs of Granite City, that he did not get back from Kentucky until a day late for the reason that he met a woman in St. Louis and stayed all night with her and that he had intercourse with her all night and the next day, and that on his return to Granite City the next day he found there was something wrong with his sexual organs. Appellee denied making this statement. Appellant called Martin as a witness and offered to prove by him that appellee did make such statement and in addition thereto that appellee complained of an injury about the scrotum and stated it was occasioned by his sexual intercourse the night before. This proposed testimony was objected to by appellee and the objection sustained. The question to Martin comprehended something more than the question asked appellee in laying the foundation for impeachment, and was objectionable on that ground for the purpose of impeachment, and the objection was properly sustained. Appellant then offered to prove these alleged facts by the witness Martin which was objected to and the objection sustained.

We think this testimony was relevant. It tended to contra-

dict the witness as to the extent of his injuries received from the alleged fall.

The testimony being relevant and material it was admissible if not by way of impeachment then as a statement or admission made by a party to the suit.

To exclude it in this case was highly prejudicial to appellant, and the judgment should be reversed and the cause remanded for another trial.

*Reversed and remanded.*